The facts were that the defendant was a merchant of Hillsboro, and with several other merchants of the same place was going to New York to purchase goods. The plaintiffs, with several others, placed in his hands money to purchase goods for them, but he was to receive no commission or profit of any kind for carrying the money and purchasing the goods for plaintiffs.
The defendant had with him of his own money $6,000 (374) in bank notes, and the sum placed in his hands by his friends amounted to between $1,500 and $1,700, also in bank notes.
The defendant placed the money of his friends in the same package with his own, and put the whole in the breast pocket of his coat. The party going on, took the stage together at Raleigh, and when they arrived at Richmond, Va., the defendant took the money of his friends and put it up in separate *Page 274 
packages, writing the name of the owner of each on the outside of the package. Defendant complained that all the money together made a package so large as to be inconvenient in the breast pocket of his coat (and it was proved to be so), and he placed the several bundles into which he had put the money of his friends, together with some letters and small change, in a large pocketbook, which he deposited in the outside pocket in the skirt of his surtout or body coat.
After leaving Richmond the defendant several times opened this pocketbook to get small change, and the packages were then there.
At Elkton, in Maryland, the defendant had the book and money; the party took the stage at that place for Wilmington, Del.; on reaching Wilmington the passengers went directly from the stage on board the steamboat, which immediately got under way, and the passengers were called to breakfast. On rising from breakfast, defendant first discovered that the pocketbook was missing. On getting out of the stage at Wilmington defendant observed a young man pick up a pocketbook, which very much resembled his, and in the act he cast a smiling look on the defendant, and when defendant discovered his loss, he went to this young man, who was also a passenger in the boat, and demanded the book. The young man denied having it. A partial search then took place among the baggage on board; the young man had no baggage. The book never was found.The $6,000 which defendant kept in the breast pocket of his coat was not lost.
(375) Upon this evidence the jury found for the plaintiffs, and the question before this Court was, whether there was such gross neglect in law as to make defendant liable.
I have no hesitation in saying, from the facts set forth in this case, that the jury were well warranted in finding a verdict for the plaintiffs. They were the proper judges of the conduct of the defendant, and how far he used that becoming caution and care which his agreeing to carry the money in justice and law bound him to do. I think the rule should be discharged.
PER CURIAM.
Rule discharged. *Page 275